IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01913-BNB

FEYSSEL KASSIM,

    Applicant,

v.

ERIC HOLDER, JR.,

    Respondent.

___

ORDER OF DISMISSAL

___

Applicant, Feyssel Kassim, initiated this action on July 9, 2014, by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging his continued detention after a final order of removal. (ECF No. 1). Mr. Kassim was detained at the Detention Center in Aurora, Colorado, at the time of filing. In the Application, Mr. Kassim requests that the Court order "that he be released from detention under supervision of the Attorney General or a Field Officer . . . ." (ECF No. 1, at 4).

On July 14, 2014, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response within twenty-one days addressing the affirmative defense of exhaustion of administrative remedies under *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). (ECF No. 3).

On July 30, 2014, Respondent filed a Notice of Release from Detention (ECF No. 8). In the Notice, Respondent states that Mr. Kassim was released from detention under an order of supervision on July 17, 2014. (*id.*; *see also* ECF No. 8-1).

On August 4, 2014, Magistrate Judge Boland issued an order directing Mr. Kassim to show cause, in writing and within thirty (30) days, why his § 2241 Application should not be dismissed as moot.  The copy of the Order to Show Cause sent to Mr. Kassim at the Aurora Detention Center was returned as undeliverable on August 12, 2014 (ECF No. 10), because Applicant is no longer at that facility.  Mr. Kassim has not filed a notice of change of address with the Court, as required by D.C.COLO.LCivR 11.1(d), and he did not respond to the show cause order.

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir.1996); *see also Alvarez v. Smith*, 558 U.S. 87, 130 S.Ct. 576, 580 (2009).  "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990).  At all stages of the case, the parties must have a "personal stake in the outcome' of the lawsuit.  *Spencer v. Kenma*, 523 U.S. 1, 7 (1998) (quoting *Lewis*, 494 U.S. at 477-78).  Federal courts have no authority to give an opinion upon a question that is moot as a result of events that occur during the pendency of the action. *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992).

Where a habeas petitioner has been released from custody, the petition must be dismissed as moot unless one of the following exceptions to the mootness doctrine applies:  "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any

time; or (4) it is a properly certified class action suit." *See Riley v. INS*, 310 F.3d 1253, 1256-57 (10th Cir. 2002). The Court has no information to indicate that one of the exceptions to the mootness doctrine is applicable in this case. Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1), filed by Applicant, Feyssel Kassim, on July 9, 2014, is DENIED as moot and this action is DISMISSED WITHOUT PREJUDICE. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Kassim files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Dated September 17, 2014, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court